## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

ROBERT J. WOLFE,

    Plaintiff,

v.

COLLECTION MANAGEMENT COMPANY d/b/a CREDIT MANAGEMENT COMPANY,

    Defendant.

Case No.   2:21-CV-1313

## CLASS ACTION COMPLAINT

**NOW COMES**, ROBERT J. WOLFE ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of COLLECTION MANAGEMENT COMPANY d/b/a CREDIT MANAGEMENT COMPANY, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp*., 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.  As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6.  Plantiff is a natural person, over 18-years-of-age, who at all times relevant resided in Wexford, Pennsylvania.

7.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9.  COLLECTION MANAGEMENT COMPANY d/b/a CREDIT MANAGEMENT COMPANY ("Defendant") is a collection agency that maintains its principal place of business in Pittsburgh, Pennsylvania.

10. Defendant collects medical, government, and education debts owed to third parties.

11. Defendant prides itself on perfecting "collection practices by investing in technology…."[1]

12. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (2) it regularly collects consumer debt owed to others.

---

[1] https://www.creditmanagementcompany.com/. (Last visited September 30, 2021)

## FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1306.

15. At all times relevant, Plaintiff's number ending in 1306 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. In 2021, Plaintiff started receiving collection calls from Defendant in an attempt to collect an alleged medical debt owed by Plaintiff ("subject debt").

18. On August 24, 2021, Plaintiff placed a call to Defendant and advised Defendant that he was (1) filing for bankruptcy and (2) was represented by counsel.

19. Plaintiff provided his counsel's contact information to Defendant and requested that Defendant cease its collection calls.

20. In response, Defendant advised Plaintiff that it would notate Plaintiff's cease request and that the collection calls would cease.

21. Despite Plaintiff's request that the collection calls cease, Defendant continued its collection calls to Plaintiff's cellular phone.

22. In an attempt to harass Plaintiff, Defendant started placing calls to Plaintiff's cellular phone utilizing ringless voicemail drops that contained pre-recorded messages.[2]

---

[2] A ringless voicemail drop is a communication method in which a pre-recorded audio message is placed in the recipient's voicemail inbox without causing the recipient's phone to ring.

23. The pre-recorded ringless voicemail drops stated as follows:

"We have an important message from Credit Management Company. This is a call from a debt collector. Please call 888-250-7027. Thank you. We have an important message from Credit Management Company. This is a call from a debt collector. Please call 888-250-7027. Thank you."

24. Defendant's collection calls were placed from the phone number (888) 250-7027.

## DAMAGES

25. Defendant's harassing collection calls and pre-recorded ringless voicemail drops have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unwanted robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

26. Each time Defendant placed a ringless voicemail drop call to Plaintiff's cellular phone, Plaintiff received a voicemail notification message on his cellular phone, causing Plaintiff to check his voicemail, and therefore wasting Plaintiff's time.

27. Due to Defendant's refusal to cease its harassing conduct, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

28. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

All persons throughout the United States (1) to whom Defendant sent, or caused to be sent, a ringless voicemail drop; (2) to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

30. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

31. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

32. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

33. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

34. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.     Commonality and Predominance**

35. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

36. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.    Typicality**

37. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.    Superiority and Manageability**

38. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

39. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

40. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

41. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.    Adequate Representation**

42. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

43. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

44. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of the Putative Class)

45. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

46. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing ringless voicemail drop calls to Plaintiff's cellular telephone utilizing an artificial or prerecorded voice without Plaintiff's consent.

47. As pled above, Defendant did not have consent to place calls to Plaintiff's cellular phone at the time it placed the ringless voicemail drop calls.

48. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

49. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

50. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff, ROBERT J. WOLFE, on behalf of himself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

  c.  an order enjoining Defendant from placing further violating ringless voicemail drop calls to consumers;

  d.  an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

  e.  an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

  f.  an award of such other relief as this Court deems just and proper.

## COUNT II:
## Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)
## (Plaintiff individually)

51. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violations of FDCPA § 1692c**

52. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

53. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

54. Despite having actual knowledge that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

55. In other words, since Plaintiff did not want *any* calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

56. Defendant violated § 1692c(a)(1) by placing collection calls to Plaintiff's cellular phone at a time Defendant knew to be inconvenient for Plaintiff.

57. Pursuant to § 1692c(a)(2) of the FDCPA, a debt collector is prohibited from contacting a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt. . ." 15 U.S.C. §1692c(a)(2).

58. Defendant violated § 1692c(a)(2) by contacting Plaintiff after knowing that Plaintiff was represented by counsel.

   b. **Violations of FDCPA § 1692d**

59. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

60. Defendant violated §1692d by placing collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt after Plaintiff requested that the calls cease.

61. Moreover, Defendant's use of ringless voicemail drops was especially harassing as they required Plaintiff to repeatedly check his voicemails.

62. Defendant's conduct in systematically placing unwanted calls to Plaintiff's cellular phone number is inherently harassing and abusive.

63. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

64. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE**, Plaintiff, ROBERT J. WOLFE, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: September 30, 2021

Respectfully submitted,

**ROBERT J. WOLFE**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com